# EXHIBIT F

## TO THE DECLARATION OF MICHAEL S. KUN

MK
KS

EPSTEIN BECKER & GREEN

AUG 0 4 2015

1   Edwin Aiwazian (Cal. State Bar No. 232943)
        edwin@lfjpc.com
2   Arby Aiwazian (Cal. State Bar No. 269827)
        arby@lfjpc.com
3   Jill J. Parker (Cal. State Bar No. 274230)
        jill@lfjpc.com
4   **LAWYERS for JUSTICE, PC**
    410 West Arden Avenue, Suite 203
5   Glendale, California 91203
    Telephone:   (818) 265-1020
6   Facsimile:    (818) 265-1021

7   *Attorneys for* Plaintiff Daniel Silva

8

9

10

11                  **UNITED STATES DISTRICT COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13  DANIEL SILVA; individually, and on      Case No.:  2:15-cv-04157 JAK(PLAx)
    behalf of other members of the general
14  public similarly situated,              Honorable John A. Kronstadt

15               Plaintiff,                 **PLAINTIFF'S RESPONSES TO**
                                            **DEFENDANT AVALONBAY**
16       vs.                                **COMMUNITIES, INC.'S FIRST**
                                            **SET OF INTERROGATORIES TO**
17  AVALONBAY COMMUNITIES, INC.,            **PLAINTIFF DANIEL SILVA**
    an unknown business entity; and DOES
18  1 through 100, inclusive,

19               Defendants.

20

21

22                                          Complaint Filed:   April 28, 2015

23

24  **PROPOUNDING PARTY:**   **Defendant AvalonBay Communities, Inc.**

25
    **RESPONDING PARTY:**    **Plaintiff Daniel Silva**
26

27  **SET NO.:**             **One**

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Plaintiff Daniel Silva ("Plaintiff) hereby provides supplemental responses to

2  Defendant   AvalonBay   Communities,   Inc.'s   ("Defendant")   first   set   of

3  Interrogatories to Plaintiff.

4                          **PRELIMINARY STATEMENT**

5    The following objections and responses to Defendant's Interrogatories are

6  made on the basis of information that is precisely known and available to Plaintiff,

7  and may include documents containing hearsay information and other information

8  inadmissible at trial although it may be discoverable.   Plaintiff's discovery,

9  investigation and preparation for trial are not yet complete and are continuing as

10  of the date of these objections and responses.  Plaintiff expressly reserves the right

11  to continue his discovery and investigation and to supplement or modify these

12  responses at any time in light of subsequently discovered information or

13  documents.  Accordingly, the objections and responses set forth below represent

14  only documents currently known following a reasonable investigation in

15  responding to these Requests.  Plaintiff specifically reserves the right to use at

16  trial, and in connection with any motion, additional documents that may be

17  discovered or disclosed through continuing investigation and discovery.

18    The following objections and responses are made without waiving and

19  while preserving: (a) the right to raise in any subsequent proceeding or at trial of

20  this or any other action all questions of authenticity, foundation, relevancy,

21  materiality, privilege, and evidentiary admissibility of any information or

22  document identified or produced in response to the instant Requests; (b) the right

23  to object on any ground to the use or introduction into evidence of any

24  information or document in any subsequent proceeding or at trial of this or any

25  other action on any ground; and (c) the right to object on any ground at any time

26  to additional discovery.

27                          **GENERAL OBJECTIONS**

28    The following General Objections are made with respect to each and every

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Interrogatory, and are incorporated into each Specific Objection set forth below, regardless of whether they are explicitly mentioned in a given Specific Objection. Notwithstanding these General Objections, without waiving them and consistent with them, Plaintiff will respond to Defendant's Interrogatories, to the extent not objected to, in accordance with the Federal Rules of Civil Procedure.

1.     Plaintiff objects to each and every Interrogatory to the extent it purports to call for the production of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection or immunity from discovery recognized in case law or conferred by statute.

2.     Plaintiff objects to each and every Interrogatory to the extent that it is replete with terms and/or phrases that are undefined and are, therefore, vague, ambiguous, and capable of various interpretations.

3.     Plaintiff objects to each and every Interrogatory to the extent that said Interrogatories seek information and/or documents outside Plaintiff's possession, custody, or control.

4.     Plaintiff objects to each and every Interrogatory to the extent that said Interrogatories seek the production of sensitive and confidential information, the production of which would infringe upon the legitimate, reasonable privacy interests of third party non-litigants to an extent incommensurate with the Defendant's legitimate discovery needs.

5.     Plaintiff also objects to each and every Interrogatory to the extent that it purports to require the disclosure of information for a time period in excess of the proposed Class Period.

6.     Plaintiff objects to each and every Interrogatory to the extent it is not full and complete within itself.

7.     Plaintiff has not completed his factual and legal investigation, discovery, or trial preparation.  Accordingly, the answers and objections set forth below relate only to information currently known following a reasonable search in

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

**Exhibit F, Page 35**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    responding to these Interrogatories.   Subject to the above general objections,

2    which are hereby incorporated in the specific responses to each and every

3    Interrogatory, Plaintiff submits the following specific responses and objections.

### RESPONSES TO INTERROGATORIES

5    **INTERROGATORY NO. 1**

6    DESCRIBE IN DETAIL the factual basis for each claim or cause of action

7    that YOU are bringing against DEFENDANT in this action.

8    **RESPONSE TO INTERROGATORY NO. 1**

9    Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

10   and overbroad.   More specifically, Plaintiff objects on the ground that the terms

11   "YOU" and "DESCRIBE IN DETAIL" as defined by Defendant are vague,

12   ambiguous, and overbroad.   Plaintiff further objects to this interrogatory on the

13   grounds that it is unduly burdensome and oppressive.   Plaintiff further objects to

14   this interrogatory to the extent it calls for information in violation of the attorney

15   work-product doctrine and/or attorney-client privilege.   Plaintiff further objects

16   that this interrogatory calls for a legal conclusion or specialized legal knowledge.

17   Plaintiff objects to this interrogatory on the grounds that it is compound and as a

18   result, causes the number of interrogatories propounded by Defendant to exceed

19   the 25 permitted by Rule 33(a) of the Federal Rules of Civil Procedure.

20   Subject to and without waiving the foregoing objections, and subject to

21   Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

22   Defendant hired Plaintiff and the other putative class members and classified

23   them as hourly-paid or non-exempt. Defendant engaged in a pattern and practice of

24   wage abuse against Plaintiff and the putative class members.   Defendant failed to

25   compensate them for all hours worked.   Defendant did not pay Plaintiff and the

26   putative class members at least minimum wages for all hours worked.   Defendant

27   failed to pay overtime wages for all overtime hours worked.   Defendant also failed

28   to provide Plaintiff and the other class members with all of the required rest and

**PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY ~~COMPANIES, INC.'S~~** **Exhibit F, Page 36**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    meal periods required under the Industrial Welfare Commission Wage Orders.

2    Defendant failed to make a payment of one additional hour of pay at Plaintiff's and

3    the other class member's regular rate of pay on all occasions when a California

4    Labor Code compliant meal or rest period was not provided.  Plaintiff and other

5    class members did not receive payment of all wages, including overtime and

6    minimum wages and meal and rest period premiums, within any time permissible

7    under California Labor Code section 204.  Defendant failed to provide Plaintiff and

8    other putative class members with complete and accurate wage statements in

9    accordance with California law.  The wage statements did not always include the

10    accurate total number of hours worked by Plaintiff and other putative class

11    members.  Defendant failed to keep complete and accurate payroll records for

12    Plaintiff and the other class members in accordance with California law.

13    Defendant's payroll records did not always include the accurate total number of

14    hours worked by Plaintiff and other putative class members.  Defendant failed to

15    reimburse Plaintiff and other putative class members for all necessary business

16    related expenses, including the use of personal phones.  Defendant failed to pay

17    Plaintiff and other putative class members their final wages within the time allotted

18    by California Labor Code sections 201 and 202.

19      Defendant's conduct violates California Business & Professions Code

20    section 17200, et seq.  Defendant's policies and practices of requiring Plaintiff and

21    other class members to work overtime without paying them proper compensation

22    violate California Labor Code sections 510 and 1198.  Additionally, Defendant's

23    policies and practices of requiring Plaintiff and other class members to work

24    through their meal and rest periods without paying them proper compensation

25    violate California Labor Code sections 226.7 and 512(a).  Defendant's policies and

26    practices of failing to pay minimum wages violate California Labor Code sections

27    1194, 1197, and 1197.1.  Moreover, Defendant's policies and practices of failing to

28    timely pay wages to Plaintiff and other class members violate California Labor

Exhibit F, Page 37

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Code sections 201, 202, and 204.  Defendants also violated California Labor Code

2  sections 226(a) and 1174(d) by failing to accurately record the accurate total

3  number of hours worked by Plaintiff and the other putative class members.

4  Discovery and investigation are continuing.  Plaintiff expressly reserves the

5  right to rely upon any information and witnesses of which/whom he may become

6  aware and to utilize it/them at trial, even if not previously identified or produced in

7  this or any of the above or subsequent discovery responses.

8  **INTERROGATORY NO. 2**

9  IDENTIFY each date on which YOU contend YOU were not paid in

10  compliance with the law for all work performed for DEFENDANT and

11  DESCRIBE IN DETAIL the activities in which YOU engaged on each such date,

12  including the time spent in each activity and the time for which YOU contend

13  YOU are entitled to be paid.

14  **RESPONSE TO INTERROGATORY NO. 2**

15  Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

16  and overbroad.  More specifically, Plaintiff objects on the ground that the terms

17  "IDENTIFY," "YOU," and "DESCRIBE IN DETAIL" as defined by Defendant

18  are vague, ambiguous, and overbroad.  Plaintiff further objects to this interrogatory

19  on the grounds that it is unduly burdensome and oppressive.  Plaintiff further

20  objects to this interrogatory to the extent it calls for information in violation of the

21  attorney work-product doctrine and/or attorney-client privilege.  Plaintiff further

22  objects that this interrogatory calls for a legal conclusion or specialized legal

23  knowledge.   Plaintiff objects to this interrogatory on the grounds that it is

24  compound and as a result, causes the number of interrogatories propounded by

25  Defendant to exceed the 25 permitted by Rule 33(a) of the Federal Rules of Civil

26  Procedure. Plaintiff objects to this interrogatory on the ground that it calls for

27  premature expert discovery.

28  Subject to and without waiving the foregoing objections, and subject to

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY, FIRST ST
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

Exhibit F, Page 38

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

2       Plaintiff regularly worked time for which he was not compensated by

3   Defendant.   At this time, Plaintiff is unable to state the date and time of every

4   single instance that he worked for which Defendant did not compensate him.

5   Plaintiff performed work duties prior to clocking in for his scheduled shift, during

6   his meal periods, during his rest periods, and after clocking out at the end of his

7   scheduled shift.  This work included picking up trash, looking for graffiti, putting

8   out the leasing sign, opening up the leasing office at the beginning of the day,

9   responding to phone calls and text messages from co-workers about work duties,

10  putting files away, completing YARDI reports, posting 3 day notices, processing

11  tenant applications including obtaining proof of income and rental verifications

12  within 24 hours, turning off lights and air conditioning in the model units at the

13  end of the day, locking up the model units at the end of the day, locking up the

14  leasing office at the end of the day, responding to requests, inquiries, and/or

15  complaints from tenants and prospective tenants and providing them with customer

16  service such as helping them when they were locked out of their apartment, and

17  responding to inquiries and/or requests from co-workers.

18      Discovery and investigation are continuing.  Plaintiff expressly reserves the

19  right to rely upon any information and witnesses of which/whom he may become

20  aware and to utilize it/them at trial, even if not previously identified or produced in

21  this or any of the above or subsequent discovery responses.

22  **INTERROGATORY NO. 3**

23      IDENTIFY each date on which YOU contend any PERSON YOU seek to

24  represent in this lawsuit was not paid in compliance with the law for all work

25  performed for DEFENDANT and DESCRIBE IN DETAIL the activities in which

26  he or he engaged on each such date, including the time spent on each activity and

27  the time for which YOU contend he or he is entitled to be paid.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## RESPONSE TO INTERROGATORY NO. 3

Plaintiff objects on the grounds that this interrogatory is vague, ambiguous, and overbroad.  More specifically, Plaintiff objects on the ground that the terms "IDENTIFY," "YOU," "PERSON," and "DESCRIBE IN DETAIL" as defined by Defendant are vague, ambiguous, and overbroad.  Plaintiff further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive.  Plaintiff further objects that information requested in this interrogatory is in Defendant's own possession, custody, or control, and, as such, this interrogatory was propounded solely to harass Plaintiff.  Plaintiff further objects to this interrogatory to the extent it calls for information in violation of the attorney work-product doctrine and/or attorney-client privilege.   Plaintiff further objects that this interrogatory calls for a legal conclusion or specialized legal knowledge.  Plaintiff objects to this interrogatory on the grounds that it is compound and as a result, causes the number of interrogatories propounded by Defendant to exceed the 25 permitted by Rule 33(a) of the Federal Rules of Civil Procedure.  Plaintiff objects to this interrogatory on the ground that it calls for premature expert discovery.

Subject to and without waiving the foregoing objections, and subject to Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

Defendant is in the exclusive possession of data, documents, and other information which must be used in order to respond to this interrogatory, including the contact information of the putative class members, the time records of the putative class members, the dates of employment of the putative class members, and the payroll and wage statements of the putative class members.  Because Defendant has not produced these documents and information to Plaintiff, Plaintiff lacks sufficient information at this time to respond to this impermissibly compound interrogatory.

Discovery and investigation are continuing.  Plaintiff expressly reserves the right to rely upon any information and witnesses of which/whom he may become

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    aware and to utilize it/them at trial, even if not previously identified or produced in
2    this or any of the above or subsequent discovery responses.

3    **INTERROGATORY NO. 4**

4    IDENTIFY each date on which YOU contend YOU did not receive a meal
5    period in compliance with the law during YOUR employment with DEFENDANT
6    and DESCRIBE IN DETAIL the circumstances under which you contend YOU did
7    not receive that meal period.

8    **RESPONSE TO INTERROGATORY NO. 4**

9    Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,
10   and overbroad.  More specifically, Plaintiff objects on the ground that the terms
11   "IDENTIFY," "YOU," "YOUR," and "DESCRIBE IN DETAIL" as defined by
12   Defendant are vague, ambiguous, and overbroad.  Plaintiff further objects to this
13   interrogatory on the grounds that it is unduly burdensome and oppressive.  Plaintiff
14   further objects to this interrogatory to the extent it calls for information in violation
15   of the attorney work-product doctrine and/or attorney-client privilege.  Plaintiff
16   further objects that this interrogatory calls for a legal conclusion or specialized
17   legal knowledge.  Plaintiff objects to this interrogatory on the grounds that it is
18   compound and as a result, causes the number of interrogatories propounded by
19   Defendant to exceed the 25 permitted by Rule 33(a) of the Federal Rules of Civil
20   Procedure.  Plaintiff objects to this interrogatory on the ground that it calls for
21   premature expert discovery.

22   Subject to and without waiving the foregoing objections, and subject to
23   Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

24   At this time, Plaintiff is unable to specify each date that he was not provided
25   with a meal period.  However, during his employment, Plaintiff was not provided
26   with all of the meal periods to which he was entitled under California law.
27   Defendant required that Plaintiff work through meal breaks, take late meal breaks,
28   and take interrupted and shortened meal breaks. Defendant expected Plaintiff to do

8

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  whatever was necessary to complete his work duties in a timely manner, and as a

2  result, Plaintiff's meal breaks were missed, interrupted, shortened, and/or taken

3  late. For example, Plaintiff's supervisor, A.J. Summa instructed Plaintiff to clock

4  out for his lunch, but to finish what he was working on, and clock back in once the

5  time for his lunch expired. Additionally, Plaintiff was required to have a walkie-

6  talkie on him during his meal periods, and was contacted on his walkie-talkie about

7  work duties during meal periods. Moreover, many tasks Plaintiff was required to

8  complete were time-sensitive, such that he could not take a meal break before the

9  end of his fifth hour of work. For example, if Plaintiff was assisting a prospective

10  tenant, such as by giving him or her a tour, Plaintiff could not abandon the tenant

11  in the middle of the tour to take his meal break.

12      Discovery and investigation are continuing. Plaintiff expressly reserves the

13  right to rely upon any information and witnesses of which/whom he may become

14  aware and to utilize it/them at trial, even if not previously identified or produced in

15  this or any of the above or subsequent discovery responses.

16  **INTERROGATORY NO. 5**

17      IDENTIFY each date on which YOU contend any PERSON YOU seek to

18  represent in this lawsuit did not receive a meal period in compliance with the law

19  while employed by DEFENDANT and DESCRIBE IN DETAIL the circumstances

20  under which YOU contend he or he did not receive that meal period.

21  **RESPONSE TO INTERROGATORY NO. 5**

22      Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

23  and overbroad. More specifically, Plaintiff objects on the ground that the terms

24  "IDENTIFY," "YOU," "PERSON," and "DESCRIBE IN DETAIL" as defined by

25  Defendant are vague, ambiguous, and overbroad. Plaintiff further objects to this

26  interrogatory on the grounds that it is unduly burdensome and oppressive. Plaintiff

27  further objects that information requested in this interrogatory is in Defendant's

28  own possession, custody, or control, and, as such, this interrogatory was

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

Exhibit F, Page 42

propounded solely to harass Plaintiff.  Plaintiff further objects to this interrogatory to the extent it calls for information in violation of the attorney work-product doctrine and/or attorney-client privilege.   Plaintiff further objects that this interrogatory calls for a legal conclusion or specialized legal knowledge.  Plaintiff objects to this interrogatory on the grounds that it is compound and as a result, causes the number of interrogatories propounded by Defendant to exceed the 25 permitted by Rule 33(a) of the Federal Rules of Civil Procedure.  Plaintiff objects to this interrogatory on the ground that it calls for premature expert discovery.

Subject to and without waiving the foregoing objections, and subject to Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

Defendant is in the exclusive possession of data, documents, and other information which must be used in order to respond to this interrogatory, including the contact information of the putative class members, the time records of the putative class members, the dates of employment of the putative class members, and the payroll and wage statements of the putative class members.   Because Defendant has not produced these documents and information to Plaintiff, Plaintiff lacks sufficient information at this time to respond to this impermissibly compound interrogatory.

Discovery and investigation are continuing.  Plaintiff expressly reserves the right to rely upon any information and witnesses of which/whom he may become aware and to utilize it/them at trial, even if not previously identified or produced in this or any of the above or subsequent discovery responses.

**INTERROGATORY NO. 6**

IDENTIFY each date on which YOU contend YOU did not receive a rest period in compliance with the law during YOUR employment with DEFENDANT and DESCRIBE IN DETAIL the circumstances under which you contend YOU did not receive that rest period.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## RESPONSE TO INTERROGATORY NO. 6

Plaintiff objects on the grounds that this interrogatory is vague, ambiguous, and overbroad.  More specifically, Plaintiff objects on the ground that the terms "IDENTIFY," "YOU," "YOUR," and "DESCRIBE IN DETAIL" as defined by Defendant are vague, ambiguous, and overbroad.  Plaintiff further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive.  Plaintiff further objects to this interrogatory to the extent it calls for information in violation of the attorney work-product doctrine and/or attorney-client privilege.  Plaintiff further objects that this interrogatory calls for a legal conclusion or specialized legal knowledge.  Plaintiff objects to this interrogatory on the grounds that it is compound and as a result, causes the number of interrogatories propounded by Defendant to exceed the 25 permitted by Rule 33(a) of the Federal Rules of Civil Procedure.  Plaintiff objects to this interrogatory on the ground that it calls for premature expert discovery.

Subject to and without waiving the foregoing objections, and subject to Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

At this time, Plaintiff is unable to specify each date that he was not provided with a rest period.  However, during his employment, Plaintiff was not provided with all of the rest periods to which he was entitled under California law.  Defendant required that Plaintiff work through rest breaks and take interrupted and shortened rest breaks.  Defendant expected Plaintiff to do whatever was necessary to complete his work duties in a timely manner, and as a result, Plaintiff's rest breaks were missed, interrupted, and/or shortened.  Plaintiff has not been compensated for all rest breaks that he was required to work through, that were interrupted, and/or that were shortened.

Discovery and investigation are continuing.  Plaintiff expressly reserves the right to rely upon any information and witnesses of which/whom he may become

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  aware and to utilize it/them at trial, even if not previously identified or produced in

2  this or any of the above or subsequent discovery responses.

3  **INTERROGATORY NO. 7**

4      IDENTIFY each date on which YOU contend any PERSON YOU seek to

5  represent in this lawsuit did not receive a rest period in compliance with the law

6  while employed by DEFENDANT and DESCRIBE IN DETAIL the circumstances

7  under which YOU contend he or he did not receive that rest period.

8  **RESPONSE TO INTERROGATORY NO. 7**

9      Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

10  and overbroad.  More specifically, Plaintiff objects on the ground that the terms

11  "IDENTIFY," "YOU," "PERSON," and "DESCRIBE IN DETAIL" as defined by

12  Defendant are vague, ambiguous, and overbroad.  Plaintiff further objects to this

13  interrogatory on the grounds that it is unduly burdensome and oppressive.  Plaintiff

14  further objects that information requested in this interrogatory is in Defendant's

15  own possession, custody, or control, and, as such, this interrogatory was

16  propounded solely to harass Plaintiff.  Plaintiff further objects to this interrogatory

17  to the extent it calls for information in violation of the attorney work-product

18  doctrine and/or attorney-client privilege.   Plaintiff further objects that this

19  interrogatory calls for a legal conclusion or specialized legal knowledge.  Plaintiff

20  objects to this interrogatory on the grounds that it is compound and as a result,

21  causes the number of interrogatories propounded by Defendant to exceed the 25

22  permitted by Rule 33(a) of the Federal Rules of Civil Procedure.  Plaintiff objects

23  to this interrogatory on the ground that it calls for premature expert discovery.

24      Subject to and without waiving the foregoing objections, and subject to

25  Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

26      Defendant is in the exclusive possession of data, documents, and other

27  information which must be used in order to respond to this interrogatory, including

28  the contact information of the putative class members, the time records of the

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S Exhibit F, Page 45
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  putative class members, the dates of employment of the putative class members,

2  and the payroll and wage statements of the putative class members.   Because

3  Defendant has not produced these documents and information to Plaintiff, Plaintiff

4  lacks sufficient information at this time to respond to this impermissibly compound

5  interrogatory.

6      Discovery and investigation are continuing.  Plaintiff expressly reserves the

7  right to rely upon any information and witnesses of which/whom he may become

8  aware and to utilize it/them at trial, even if not previously identified or produced in

9  this or any of the above or subsequent discovery responses.

10  **INTERROGATORY NO. 8**

11      IDENTIFY each item for which YOU contend DEFENDANT did not

12  reimburse YOU and DESCRIBE IN DETAIL the date on which YOU incurred

13  that expense, the nature of the expense, whether YOU sought reimbursement for

14  the expense, and DEFENDANT'S response to YOUR request.

15  **RESPONSE TO INTERROGATORY NO. 8**

16      Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

17  and overbroad.  More specifically, Plaintiff objects on the ground that the terms

18  "IDENTIFY," "YOU," "YOUR," and "DESCRIBE IN DETAIL" as defined by

19  Defendant are vague, ambiguous, and overbroad.  Plaintiff further objects to this

20  interrogatory on the grounds that it is unduly burdensome and oppressive.  Plaintiff

21  further objects to this interrogatory to the extent it calls for information in violation

22  of the attorney work-product doctrine and/or attorney-client privilege.   Plaintiff

23  objects to this interrogatory on the grounds that it is compound and as a result,

24  causes the number of interrogatories propounded by Defendant to exceed the 25

25  permitted by Rule 33(a) of the Federal Rules of Civil Procedure.  Plaintiff objects

26  to this interrogatory on the ground that it calls for premature expert discovery.

27      Subject to and without waiving the foregoing objections, and subject to

28  Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    At this time, Plaintiff cannot identify the specific date he incurred each

2  expense.  Plaintiff can state, however, that he incurred necessary business-related

3  expenses and costs that were not reimbursed by Defendant.  Plaintiff was required

4  to use his personal phone to perform job duties.  Plaintiff used his personal phone

5  to call and receive calls from other employees, including his supervisor, A.J.

6  Summa, and to send and receive text messages and e-mails from them regarding

7  work duties.  Defendant did not reimburse Plaintiff for the cost of his phone, or the

8  service charges associated with the use of his phone.   Defendant also failed to

9  reimburse Plaintiff for costs of gas and mileage incurred through the use of his

10  personal vehicle to perform mandatory work duties.  Plaintiff used his personal

11  vehicle to drive to the bank to make deposits, to drive to the store to pick up

12  supplies, to drive to the units on the properties to post 3 day notices, and to drive to

13  the corporate office in Newport Beach to attend training and quarterly meetings.

14  In addition to failing to reimburse Plaintiff for all of his gas and mileage expenses,

15  Defendant failed to reimburse Plaintiff for all of the costs he incurred paying tolls.

16  Defendant never informed Plaintiff that the use of his personal phone was a

17  reimbursable expense, even though Defendant knew that Plaintiff was using his

18  personal phone to perform work duties.  Likewise, Defendant never informed

19  Plaintiff that the use of his personal vehicle to perform each of the above-listed

20  tasks was a reimbursable expense, even though Defendant knew that Plaintiff was

21  using his personal vehicle to perform work duties  Because Defendant's policy was

22  not to reimburse Plaintiff and putative class members for these expenses, Plaintiff

23  did not submit reimbursement requests for these expenses.

24    Discovery and investigation are continuing.  Plaintiff expressly reserves the

25  right to rely upon any information and witnesses of which/whom he may become

26  aware and to utilize it/them at trial, even if not previously identified or produced in

27  this or any of the above or subsequent discovery responses.

28  ///

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES' **Exhibit F, Page 47**
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## INTERROGATORY NO. 9

IDENTIFY each item for which YOU contend DEFENDANT did not reimburse any PERSONS YOU seek to represent in this lawsuit and DESCRIBE IN DETAIL the date on which he or he incurred that expense, the nature of the expense, whether he or she sought a reimbursement for the expense, and DEFENDANT'S response to his or her request.

## RESPONSE TO INTERROGATORY NO. 9

Plaintiff objects on the grounds that this interrogatory is vague, ambiguous, and overbroad. More specifically, Plaintiff objects on the ground that the terms "IDENTIFY," "YOU," "PERSONS," and "DESCRIBE IN DETAIL" as defined by Defendant are vague, ambiguous, and overbroad. Plaintiff further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive. Plaintiff further objects that information requested in this interrogatory is in Defendant's own possession, custody, or control, and, as such, this interrogatory was propounded solely to harass Plaintiff. Plaintiff further objects to this interrogatory to the extent it calls for information in violation of the attorney work-product doctrine and/or attorney-client privilege. Plaintiff objects to this interrogatory on the grounds that it is compound and as a result, causes the number of interrogatories propounded by Defendant to exceed the 25 permitted by Rule 33(a) of the Federal Rules of Civil Procedure. Plaintiff objects to this interrogatory on the ground that it calls for premature expert discovery.

Subject to and without waiving the foregoing objections, and subject to Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

Defendant is in the exclusive possession of data, documents, and other information which must be used in order to respond to this interrogatory, including the contact information of the putative class members, the dates of employment of the putative class members, reimbursement documents, and the payroll and wage statements of the putative class members. Because Defendant has not produced

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  these documents and information to Plaintiff, Plaintiff lacks sufficient information
2  at this time to respond to this impermissibly compound interrogatory.

3  Discovery and investigation are continuing. Plaintiff expressly reserves the
4  right to rely upon any information and witnesses of which/whom he may become
5  aware and to utilize it/them at trial, even if not previously identified or produced in
6  this or any of the above or subsequent discovery responses.

7  **INTERROGATORY NO. 10**

8  IDENTIFY each PERSON for whom YOU have performed services since
9  January 2010, including DEFENDANT, and describe YOUR employment with
10  each such PERSON, including, but not limited to, the position(s) held, the dates
11  each position was held, job duties, responsibilities in each position, and the
12  compensation (including salary, tips, bonuses and fringe benefits) received by
13  YOU, including the date and amount of any raises.

14  **RESPONSE TO INTERROGATORY NO. 10**

15  Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,
16  and overbroad. More specifically, Plaintiff objects on the ground that the terms
17  "services" and "fringe benefits" are vague, ambiguous, and overbroad, as are the
18  terms "IDENTIFY," "YOU," "YOUR," and "PERSON" as defined by Defendant.
19  Plaintiff further objects to this interrogatory on the grounds that it is unduly
20  burdensome and oppressive. Plaintiff further objects to this interrogatory to the
21  extent it calls for information in violation of the attorney work-product doctrine
22  and/or attorney-client privilege. Plaintiff objects to this interrogatory on the
23  ground that it infringes upon Plaintiff's privacy rights. Plaintiff objects on the
24  ground that this interrogatory is not relevant and not reasonably calculated to lead
25  to the discovery of admissible evidence. Plaintiff further objects that information
26  requested in this interrogatory is in Defendant's own possession, custody, or
27  control, and, as such, this interrogatory was propounded solely to harass Plaintiff.
28  Plaintiff objects to this interrogatory on the grounds that it is compound and as a

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   result, causes the number of interrogatories propounded by Defendant to exceed

2   the 25 permitted by Rule 33(a) of the Federal Rules of Civil Procedure.

3       Subject to and without waiving the foregoing objections, and subject to

4   Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

5       Plaintiff was employed by Defendant from approximately October 2011 to

6   approximately April 2013 as a Community Consultant. Plaintiff's job duties

7   included customer service; responding to inquiries, requests, and complaints from

8   tenants and prospective tenants; processing service requests; leasing apartments;

9   picking up trash; looking for graffiti; putting out the leasing sign; opening and

10   closing the leasing office; closing the model units at the end of the day and turning

11   off their lights and air conditioning; providing tours of the property to potential

12   residents; making bank deposits; entering data into YARDI; monitoring the cars in

13   the parking lot; accepting and processing tenant applications including obtaining

14   proof of income and rental verifications within 24 hours; accepting security

15   deposits from tenants; processing credit checks; posting 3 day notices; accepting

16   notices to vacate; filling out guest cards; responding to inquiries and requests from

17   co-workers; and answering phone calls from tenants and prospective tenants. To

18   ascertain the compensation Plaintiff received while employed by Defendant,

19   pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to the

20   documents Defendant produced to Plaintiff Bates numbered AV-SIL-0000243-

21   267, AV-SIL-0000283-284, AV-SIL-0000293-296, AV-SIL-0000303-313, AV-

22   SIL-0000335-339, AV-SIL-0000362-402, and AV-SIL-0000473-476 as well as to

23   the pay stubs, 1099-R forms, and W-2 Wage and Tax Statements produced by

24   Plaintiff in Exhibit A to Plaintiff's Responses to Defendant's First Set of Requests

25   for Production to Plaintiff.

26       Discovery and investigation are continuing. Plaintiff expressly reserves the

27   right to rely upon any information and witnesses of which/whom he may become

28   aware and to utilize it/them at trial, even if not previously identified or produced in

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S **Exhibit F, Page 50**
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   this or any of the above or subsequent discovery responses.

2   **INTERROGATORY NO. 11**

3       DESCRIBE IN DETAIL all efforts YOU have made to obtain employment

4   since January 2010, including, but not limited to, the identity of any employer,

5   employment agency or other PERSON that YOU contacted or that contacted YOU

6   regarding potential employment, the nature and the date of each such contact, the

7   nature of employment sought, the results of each such contact, and whether YOU

8   were offered employment or were rejected.

9   **RESPONSE TO INTERROGATORY NO. 11**

10      Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

11  and overbroad.  More specifically, Plaintiff objects on the ground that the terms

12  "DESCRIBE IN DETAIL," "YOU," and "PERSON" as defined by Defendant are

13  vague, ambiguous, and overbroad.  Plaintiff further objects to this interrogatory on

14  the grounds that it is unduly burdensome and oppressive.  Plaintiff further objects

15  to this interrogatory to the extent it calls for information in violation of the attorney

16  work-product doctrine and/or attorney-client privilege.  Plaintiff objects to this

17  interrogatory on the ground that it infringes upon Plaintiff's privacy rights.

18  Plaintiff objects on the ground that this interrogatory is not relevant and not

19  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

20  further objects that information requested in this interrogatory is in Defendant's

21  own possession, custody, or control, and, as such, this interrogatory was

22  propounded solely to harass Plaintiff.  Plaintiff objects to this interrogatory on the

23  grounds that it is compound and as a result, causes the number of interrogatories

24  propounded by Defendant to exceed the 25 permitted by Rule 33(a) of the Federal

25  Rules of Civil Procedure.

26      Subject to and without waiving the foregoing objections, and subject to

27  Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

28  ///

1   Plaintiff was employed by Defendant from approximately October 2011 to
2   approximately April 2013 as a Community Consultant.  Pursuant to Federal Rule
3   of Civil Procedure 33(d), Plaintiff refers Defendant to the documents Defendant
4   produced to Plaintiff Bates numbered AV-SIL-0000283-284 and AV-SIL-
5   0000286-292.

6   Discovery and investigation are continuing.  Plaintiff expressly reserves the
7   right to rely upon any information and witnesses of which/whom he may become
8   aware and to utilize it/them at trial, even if not previously identified or produced in
9   this or any of the above or subsequent discovery responses.

10  **INTERROGATORY NO. 12**

11  DESCRIBE IN DETAIL each and every statement, whether or not written,
12  made by any of DEFENDANT'S employees, officers or agents, or anyone else that
13  YOU believe supports any of YOUR claims, including the date, time and place of
14  the statement, the identity of the PERSON who made the statement, and the
15  identity of any witnesses to the statement.

16  **RESPONSE TO INTERROGATORY NO. 12**

17  Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,
18  and overbroad.  More specifically, Plaintiff objects on the ground that the term
19  "statement" is vague, ambiguous, and overbroad, as are the terms "DESCRIBE IN
20  DETAIL," "YOU," "YOUR," and "PERSON" as defined by Defendant.  Plaintiff
21  further objects to this interrogatory on the grounds that it is unduly burdensome
22  and oppressive.  Plaintiff objects on the ground that this interrogatory is not
23  relevant and not reasonably calculated to lead to the discovery of admissible
24  evidence.  Plaintiff further objects to this interrogatory to the extent it calls for
25  information in violation of the attorney work-product doctrine and/or attorney-
26  client privilege.  Plaintiff objects to this interrogatory on the grounds that it is
27  compound and as a result, causes the number of interrogatories propounded by
28  Defendant to exceed the 25 permitted by Rule 33(a) of the Federal Rules of Civil

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Procedure.

2      Subject to and without waiving the foregoing objections, and subject to

3  Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

4      Plaintiff has not obtained statements regarding his claims, and as a result,

5  does not have information responsive to this interrogatory.

6      Discovery and investigation are continuing.  Plaintiff expressly reserves the

7  right to rely upon any information and witnesses of which/whom he may become

8  aware and to utilize it/them at trial, even if not previously identified or produced in

9  this or any of the above or subsequent discovery responses.

10  **INTERROGATORY NO. 13**

11      DESCRIBE IN DETAIL each statement, written or otherwise, that YOU

12  have obtained from anyone who was interviewed or questioned on YOUR behalf

13  in connection with this litigation.

14  **RESPONSE TO INTERROGATORY NO. 13**

15      Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

16  and overbroad.  More specifically, Plaintiff objects on the ground that the term

17  "statement" is vague, ambiguous, and overbroad, as are the terms "DESCRIBE IN

18  DETAIL," "YOU," and "YOUR" as defined by Defendant.   Plaintiff further

19  objects to this interrogatory on the grounds that it is unduly burdensome and

20  oppressive.  Plaintiff objects on the ground that this interrogatory is not relevant

21  and not reasonably calculated to lead to the discovery of admissible evidence.

22  Plaintiff further objects to this interrogatory to the extent it calls for information in

23  violation of the attorney work-product doctrine and/or attorney-client privilege.

24  Plaintiff objects to this interrogatory on the grounds that it is compound and as a

25  result, causes the number of interrogatories propounded by Defendant to exceed

26  the 25 permitted by Rule 33(a) of the Federal Rules of Civil Procedure.

27      Subject to and without waiving the foregoing objections, and subject to

28  Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

**Exhibit F, Page 53**

1   Plaintiff has not obtained statements regarding his claims, and as a result,

2   does not have information responsive to this interrogatory.

3   Discovery and investigation are continuing.  Plaintiff expressly reserves the

4   right to rely upon any information and witnesses of which/whom he may become

5   aware and to utilize it/them at trial, even if not previously identified or produced in

6   this or any of the above or subsequent discovery responses.

7   **INTERROGATORY NO. 14**

8   DESCRIBE IN DETAIL the substance, nature and date of each

9   communication YOU had with any PERSON concerning the facts, issues or other

10  matters involved in this case, other than with YOUR attorneys.

11  **RESPONSE TO INTERROGATORY NO. 14**

12  Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

13  and overbroad.  More specifically, Plaintiff objects on the ground that the term

14  "statement" is vague, ambiguous, and overbroad, as are the terms "DESCRIBE IN

15  DETAIL," "YOU," "YOUR," and "PERSON" as defined by Defendant.  Plaintiff

16  further objects to this interrogatory on the grounds that it is unduly burdensome

17  and oppressive.  Plaintiff further objects to this interrogatory to the extent it calls

18  for information in violation of the attorney work-product doctrine and/or attorney-

19  client privilege.  Plaintiff objects to this interrogatory on the grounds that it is

20  compound and as a result, causes the number of interrogatories propounded by

21  Defendant to exceed the 25 permitted by Rule 33(a) of the Federal Rules of Civil

22  Procedure.

23  Subject to and without waiving the foregoing objections, and subject to

24  Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

25  Plaintiff has not communicated with any persons other than his attorneys

26  regarding this case, and as a result, does not have information responsive to this

27  interrogatory.

28  Discovery and investigation are continuing.  Plaintiff expressly reserves the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Exhibit F Page 54

1   right to rely upon any information and witnesses of which/whom he may become

2   aware and to utilize it/them at trial, even if not previously identified or produced in

3   this or any of the above or subsequent discovery responses.

4   **INTERROGATORY NO. 15**

5   DESCRIBE IN DETAIL the nature and extent of the relevant knowledge

6   possessed by each PERSON having personal knowledge of any facts or matters

7   that supports YOUR contention that any actions taken by DEFENDANT were

8   improper or unlawful for any of the reasons claimed in the COMPLAINT.

9   **RESPONSE TO INTERROGATORY NO. 15**

10   Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

11   overbroad, and unintelligible.   More specifically, Plaintiff objects on the ground

12   that the terms "relevant knowledge" and personal knowledge are vague,

13   ambiguous, and overbroad, as are the terms "DESCRIBE IN DETAIL," "YOUR"

14   and "PERSON" as defined by Defendant.   Plaintiff further objects to this

15   interrogatory on the grounds that it is unduly burdensome and oppressive.  Plaintiff

16   objects on the ground that this interrogatory is not relevant and not reasonably

17   calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this

18   interrogatory on the ground that it calls for Plaintiff to speculate regarding the

19   personal knowledge of others. Plaintiff further objects to this interrogatory to the

20   extent it calls for information in violation of the attorney work-product doctrine

21   and/or attorney-client privilege.   Plaintiff objects to this interrogatory on the

22   grounds that it is compound and as a result, causes the number of interrogatories

23   propounded by Defendant to exceed the 25 permitted by Rule 33(a) of the Federal

24   Rules of Civil Procedure.

25   Subject to and without waiving the foregoing objections, and subject to

26   Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

27   Plaintiff is unable to identify all individuals with personal knowledge

28   regarding Defendant's unlawful conduct, nor is Plaintiff able to identify the nature

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES' **Exhibit F   Page 55**
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    and extent of such personal knowledge because doing so would require Plaintiff to

2    speculate.  However, Plaintiff identifies the following as persons and entities that

3    may possess knowledge regarding Defendant's unlawful conduct: AvalonBay

4    Communities, Inc.; AvalonBay Communities, Inc.'s current and former employees,

5    agents, officers, directors and shareholders; Plaintiff; Plaintiff's supervisors and

6    co-workers; Richard M. Carranza; Humberto Garcia; Juan Amezquita; Michelle

7    Carr; Michael Gautschi; Norma Renteria; Brian Hults; Katherine Graumann; A.J.

8    Summa; Veronica Robertazzi; and members of the putative class as defined in the

9    operative Complaint.

10          Discovery and investigation are continuing.  Plaintiff expressly reserves the

11   right to rely upon any information and witnesses of which/whom he may become

12   aware and to utilize it/them at trial, even if not previously identified or produced in

13   this or any of the above or subsequent discovery responses.

14   **INTERROGATORY NO. 16**

15          DESCRIBE IN DETAIL each legal proceeding in which YOU have ever

16   been involved as a party or witness, including, but not limited to, YOUR

17   involvement and the outcome.

18   **RESPONSE TO INTERROGATORY NO. 16**

19          Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

20   and overbroad.  More specifically, Plaintiff objects on the ground that the terms

21   "legal proceeding," "involvement," and "outcome," are vague, ambiguous, and

22   overbroad, as are the terms "DESCRIBE IN DETAIL," "YOU," and "YOUR," as

23   defined by Defendant.  Plaintiff further objects to this interrogatory on the grounds

24   that it is unduly burdensome and oppressive.  Plaintiff further objects to this

25   interrogatory to the extent it calls for information in violation of the attorney work-

26   product doctrine and/or attorney-client privilege.  Plaintiff objects to this

27   interrogatory on the ground that it infringes upon Plaintiff's privacy rights.

28   Plaintiff objects on the ground that this interrogatory is not relevant and not

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

**Exhibit F, Page 56**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

2  objects to this interrogatory on the grounds that it is compound and as a result,

3  causes the number of interrogatories propounded by Defendant to exceed the 25

4  permitted by Rule 33(a) of the Federal Rules of Civil Procedure.

5      Discovery and investigation are continuing.  Plaintiff expressly reserves the

6  right to rely upon any information and witnesses of which/whom he may become

7  aware and to utilize it/them at trial, even if not previously identified or produced in

8  this or any of the above or subsequent discovery responses.

9  **INTERROGATORY NO. 17**

10      DESCRIBE IN DETAIL any criminal charges that have ever been brought

11  against YOU, regardless of whether YOU were convicted, including, but not

12  limited to, the date of the criminal charge, the nature of the charges brought against

13  YOU, the case number, the court in which YOUR case was heard, whether the case

14  went to trial, when and where the case was tried, whether YOU were convicted and

15  the length and place of any incarceration.

16  **RESPONSE TO INTERROGATORY NO. 17**

17      Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

18  and overbroad.  More specifically, Plaintiff objects on the ground that the terms

19  "criminal charges" and "criminal charge" are vague, ambiguous, and overbroad, as

20  are the terms "DESCRIBE IN DETAIL," "YOU," and "YOUR" as defined by

21  Defendant.  Plaintiff further objects to this interrogatory on the grounds that it is

22  unduly burdensome and oppressive.  Plaintiff further objects to this interrogatory

23  to the extent it calls for information in violation of the attorney work-product

24  doctrine and/or attorney-client privilege.  Plaintiff objects to this interrogatory on

25  the ground that it infringes upon Plaintiff's privacy rights.  Plaintiff objects on the

26  ground that this interrogatory is not relevant and not reasonably calculated to lead

27  to the discovery of admissible evidence.  Plaintiff further objects on the ground

28  that this interrogatory is designed to harass, intimidate, and embarrass Plaintiff.

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY ~~COMMUNITIES, INC.'S~~  Exhibit F, Page 57
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

1   Plaintiff objects to this interrogatory on the grounds that it is compound and as a
2   result, causes the number of interrogatories propounded by Defendant to exceed
3   the 25 permitted by Rule 33(a) of the Federal Rules of Civil Procedure.

4       Discovery and investigation are continuing.  Plaintiff expressly reserves the
5   right to rely upon any information and witnesses of which/whom he may become
6   aware and to utilize it/them at trial, even if not previously identified or produced in
7   this or any of the above or subsequent discovery responses.

8   **INTERROGATORY NO. 18**

9       DESCRIBE IN DETAIL each charge or complaint that YOU have ever filed
10  with any government agency, including the nature of YOUR charge or complaint
11  and the outcome.

12  **RESPONSE TO INTERROGATORY NO. 18**

13      Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,
14  and overbroad.  More specifically, Plaintiff objects on the ground that the terms
15  "charge," "complaint," and "government agency" are vague, ambiguous, and
16  overbroad, as are the terms "DESCRIBE IN DETAIL," "YOU," and "YOUR" as
17  defined by Defendant.  Plaintiff further objects to this interrogatory on the grounds
18  that it is unduly burdensome and oppressive.  Plaintiff further objects to this
19  interrogatory to the extent it calls for information in violation of the attorney work-
20  product doctrine and/or attorney-client privilege.   Plaintiff objects to this
21  interrogatory on the ground that it infringes upon Plaintiff's privacy rights.
22  Plaintiff objects on the ground that this interrogatory is not relevant and not
23  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff
24  objects to this interrogatory on the grounds that it is compound and as a result,
25  causes the number of interrogatories propounded by Defendant to exceed the 25
26  permitted by Rule 33(a) of the Federal Rules of Civil Procedure.

27      Subject to and without waiving the foregoing objections, and subject to
28  Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Plaintiff does not have information responsive to this interrogatory because
2  Plaintiff has not filed charges or complaints with a government agency related to
3  Defendant.

4  Discovery and investigation are continuing.  Plaintiff expressly reserves the
5  right to rely upon any information and witnesses of which/whom he may become
6  aware and to utilize it/them at trial, even if not previously identified or produced in
7  this or any of the above or subsequent discovery responses.

8  **INTERROGATORY NO. 19**

9  State and itemize the precise amount of damages YOU claim that YOU and
10 any PERSON YOU seek to represent suffered as a result of DEFENDANT'S
11 alleged unlawful conduct, and DESCRIBE IN DETAIL the factual basis and
12 method of computation used to determine that amount.

13 **RESPONSE TO INTERROGATORY NO. 19**

14 Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,
15 and overbroad.  More specifically, Plaintiff objects on the ground that the terms
16 "PERSON," "YOU," and "YOUR" are vague, ambiguous, and overbroad as
17 defined by Defendant.  Plaintiff further objects to this interrogatory on the grounds
18 that it is unduly burdensome and oppressive.  Plaintiff further objects to this
19 interrogatory to the extent it calls for information in violation of the attorney work-
20 product doctrine and/or attorney-client privilege.    Plaintiff objects to this
21 interrogatory on the ground that it calls for premature expert discovery.  Plaintiff
22 objects to this interrogatory on the grounds that it is compound and as a result,
23 causes the number of interrogatories propounded by Defendant to exceed the 25
24 permitted by Rule 33(a) of the Federal Rules of Civil Procedure.

25 Subject to and without waiving the foregoing objections, and subject to
26 Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:
27 Plaintiff has not yet made a calculation of the amount of damages that he and the
28 putative class members are entitled to.  Defendant is in the exclusive possession of

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  data, documents, and other information which must be used in order to respond to

2  this interrogatory, including the contact information of the putative class members,

3  the time records of the putative class members, the dates of employment of the

4  putative class members, and the payroll and wage statements of the putative class

5  members.   Because Defendant has not produced these documents and information

6  to Plaintiff, Plaintiff lacks sufficient information at this time to respond to this

7  impermissibly compound interrogatory.

8         Discovery and investigation are continuing.  Plaintiff expressly reserves the

9  right to rely upon any information and witnesses of which/whom he may become

10  aware and to utilize it/them at trial, even if not previously identified or produced in

11  this or any of the above or subsequent discovery responses.

12  **INTERROGATORY NO. 20**

13         IDENTIFY every residence YOU have had since January 1, 2010, and

14  DESCRIBE IN DETAIL YOUR reasons for each relocation.

15  **RESPONSE TO INTERROGATORY NO. 20**

16         Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

17  and overbroad.  More specifically, Plaintiff objects on the ground that the term

18  "residence" is vague, ambiguous, and overbroad, as are the terms "IDENTIFY,"

19  "DESCRIBE IN DETAIL," "YOU," and "YOUR" as defined by Defendant.

20  Plaintiff further objects to this interrogatory on the grounds that it is unduly

21  burdensome and oppressive.  Plaintiff objects to this interrogatory on the ground

22  that it infringes upon Plaintiff's privacy rights.  Plaintiff objects on the ground that

23  this interrogatory is not relevant and not reasonably calculated to lead to the

24  discovery of admissible evidence.  Plaintiff objects to this interrogatory on the

25  grounds that it is compound and as a result, causes the number of interrogatories

26  propounded by Defendant to exceed the 25 permitted by Rule 33(a) of the Federal

27  Rules of Civil Procedure.  Plaintiff further objects that information requested in

28  this interrogatory is in Defendant's own possession, custody, or control.

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

Exhibit F, Page 60

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Subject to and without waiving the foregoing objections, and subject to

2    Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

3    During the time period Plaintiff was employed with Defendant, Plaintiff

4    resided at the following addresses:

5    10718 Valle Vista Road, Eucalyptus Hills, California 92040;

6    2456 Hilton Head Place, Apartment 1018, El Cajon, California 92019; and

7    7933A Hummingbird Lane, San Diego, California 92123.

8    Discovery and investigation are continuing.  Plaintiff expressly reserves the

9    right to rely upon any information and witnesses of which/whom he may become

10   aware and to utilize it/them at trial, even if not previously identified or produced in

11   this or any of the above or subsequent discovery responses.

12   **INTERROGATORY NO. 21**

13   IDENTIFY each PERSON whom YOU seek to represent in this action for

14   whom YOU have facts to show that he or he was treated unlawfully by

15   DEFENDANT, including the community or facility where he or he worked, and

16   DESCRIBE IN DETAIL all facts to support YOUR contention that he or he was

17   treated unlawfully.

18   **RESPONSE TO INTERROGATORY NO. 21**

19   Plaintiff objects on the grounds that this interrogatory is vague, ambiguous,

20   and overbroad.  More specifically, Plaintiff objects on the ground that the terms

21   "IDENTIFY," "PERSON," and "YOU" as defined by Defendant are vague,

22   ambiguous, and overbroad.  Plaintiff further objects to this interrogatory on the

23   grounds that it is unduly burdensome and oppressive.  Plaintiff further objects that

24   information requested in this interrogatory is in Defendant's own possession,

25   custody, or control, and, as such, this interrogatory was propounded solely to

26   harass Plaintiff.  Plaintiff objects to this interrogatory on the grounds that it is

27   compound and as a result, causes the number of interrogatories propounded by

28   Defendant to exceed the 25 permitted by Rule 33(a) of the Federal Rules of Civil

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY ~~COMMUNITIES~~ **Exhibit F, Page 61**
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Procedure.

2         Subject to and without waiving the foregoing objections, and subject to

3    Plaintiff's understanding of this interrogatory, Plaintiff responds as follows:

4         Plaintiff seeks to represent all current and former hourly-paid or non-exempt

5    employees who worked for any of the Defendants within the State of California at

6    any time during the period from April 28, 2011 to final judgment.   Upon

7    information and belief, Defendant is in possession of the identities of each of these

8    individuals.  Plaintiff has requested this information from Defendant, but, to date,

9    Defendant has not produced this information to Plaintiff.  Plaintiff does not know

10   the community or facility where each of these putative class members worked, but

11   believes that Defendant has this information in its possession, custody, or control.

12        Defendant hired Plaintiff and the other putative class members and classified

13   them as hourly-paid or non-exempt. Defendant engaged in a pattern and practice of

14   wage abuse against Plaintiff and the putative class members.  Defendant failed to

15   compensate them for all hours worked.  Defendant did not pay Plaintiff and the

16   putative class members at least minimum wages for all hours worked.  Defendant

17   failed to pay overtime wages for all overtime hours worked.  Defendant also failed

18   to provide Plaintiff and the other class members with all of the required rest and

19   meal periods required under the Industrial Welfare Commission Wage Orders.

20   Defendant failed to make a payment of one additional hour of pay at Plaintiff's and

21   the other class member's regular rate of pay on all occasions when a California

22   Labor Code compliant meal or rest period was not provided.  Plaintiff and other

23   class members did not receive payment of all wages, including overtime and

24   minimum wages and meal and rest period premiums, within any time permissible

25   under California Labor Code section 204. Defendant failed to provide Plaintiff and

26   other putative class members with complete and accurate wage statements in

27   accordance with California law.  The wage statements did not always include the

28   accurate total number of hours worked by Plaintiff and other putative class

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY'S ~~Exhibit F, Page 62~~
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   members.   Defendant failed to keep complete and accurate payroll records for

2   Plaintiff and the other class members in accordance with California law.

3   Defendant's payroll records did not always include the accurate total number of

4   hours worked by Plaintiff and other putative class members.   Defendant failed to

5   reimburse Plaintiff and other putative class members for all necessary business

6   related expenses, including the use of personal phones.   Defendant failed to pay

7   Plaintiff and other putative class members their final wages within the time allotted

8   by California Labor Code sections 201 and 202.

9       Defendant's conduct violates California Business & Professions Code

10  section 17200, et seq.  Defendant's policies and practices of requiring Plaintiff and

11  other class members to work overtime without paying them proper compensation

12  violate California Labor Code sections 510 and 1198.   Additionally, Defendant's

13  policies and practices of requiring Plaintiff and other class members to work

14  through their meal and rest periods without paying them proper compensation

15  violate California Labor Code sections 226.7 and 512(a).  Defendant's policies and

16  practices of failing to pay minimum wages violate California Labor Code sections

17  1194, 1197, and 1197.1.  Moreover, Defendant's policies and practices of failing to

18  timely pay wages to Plaintiff and other class members violate California Labor

19  Code sections 201, 202, and 204.  Defendants also violated California Labor Code

20  sections 226(a) and 1174(d) by failing to accurately record the accurate total

21  number of hours worked by Plaintiff and the other putative class members.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY COMMUNITIES, INC.'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

Exhibit F, Page 63

1     Discovery and investigation are continuing.  Plaintiff expressly reserves the

2   right to rely upon any information and witnesses of which/whom he may become

3   aware and to utilize it/them at trial, even if not previously identified or produced in

4   this or any of the above or subsequent discovery responses.

5   Dated: August 3, 2015                          LAWYERS *for* JUSTICE, PC

6

7                                        By: _____

8                                              Jill J. Parker
                                             *Attorneys for* Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSES TO DEFENDANT AVALONBAY
FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL SILVA

Exhibit F Page 64

<u>VERIFICATION</u>

I, __Daniel Silva_____, declare as follows:

I am a plaintiff in this action, and I make this verification on my behalf.  I have read the foregoing: Plaintiff Daniel Silva's Responses to Defendant Avalon Bay Communities, Inc's First Set of Interrogatories ,

and know the contents thereof.  I certify that the same is true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ____July 30____ 20__15__ at _San Diego_____, California.

Daniel Silva_____

Name

Signature