UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, TO STRIKE CLAIMS FOR PENALTIES AND LIQUIDATED DAMAGES AND REQUESTS FOR INJUNCTIVE RELIEF (DKT. 9, 10); PLAINTIFF'S MOTION TO REMAND (DKT. 14) |
|---|---|

I.      Introduction

On April 28, 2015, Plaintiff Daniel Silva ("Silva") brought this putative class action against Defendant AvalonBay Communities, Inc. ("AvalonBay") and Does 1-100 (collectively, "Defendants") in the Los Angeles Superior Court. Complaint ("Compl."), Dkt 1-1. Plaintiff alleges that various wage and hour violations occurred during his employment with Defendant from October 2011 until April 2013. He seeks to represent "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." *Id.* ¶¶ 13, 18.

The Complaint advances ten causes of action: (i) violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (ii) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (iii) violation of California Labor Code § 226.7 (unpaid rest period premiums); (iv) violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (v) violation of California Labor Code §§ 201 and 202 (final wages not timely paid); (vi) violation of California Labor Code § 204 (wages not timely paid during employment); (vii) violation of California Labor Code § 226(a) (non-compliant wage statements); (viii) violation of California Labor Code § 1174(d) (failure to keep requisite payroll records); (ix) violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses); and (x) violation of California Business and Professions Code § 17200 *et seq.*

On June 3, 2015, Defendant removed the action, asserting jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332. Dkt. 1. On June 24, 2015, Plaintiff filed a motion to remand ("Motion to Remand"). Its sole basis is that Defendant has not demonstrated that the amount in controversy exceeds $5 million, as required to assert jurisdiction under CAFA. Dkt. 14. On July 15, 2015,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

Defendant opposed Plaintiff's Motion to Remand. Dkt. 19. On July 29, 2015, Plaintiff filed a reply. Dkt. 27.

On June 10, 2015, Defendant filed a motion to dismiss the complaint or to strike claims for penalties, liquidated damages and requests for injunctive relief ("Motion to Dismiss"). Dkt. 9. On July 16, 2015, Plaintiff filed an untimely opposition to the Motion to Dismiss. Dkt. 22. On August 6, 2015, Defendant filed a reply, Dkt. 33, pursuant to an order through which the parties' stipulation to an amended briefing schedule had been approved. Dkt. 25.

A hearing on the Motion to Remand and Motion to Dismiss was held on September 14, 2015, and the matters were taken under submission. Dkt. 44. For the reasons stated in this Order, the Motion to Remand is **DENIED**. The Motion to Dismiss is **GRANTED**, with leave to amend.

**II.      Factual Background**

Plaintiff was employed by Defendant as an hourly, non-exempt worker from approximately October 2011 to April 2013, in California. Compl., Dkt. 1-1 ¶ 18. As noted, Plaintiff alleges that various wage and hour violations occurred during his employment and seeks to represent "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." *Id.* ¶ 13. The Complaint includes the following general allegations:

- Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt, but failed to compensate them for all hours worked, missed meal periods and/or rest breaks.
- Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing the employment of Plaintiff and the other class members, and to supervise their daily activities.
- Defendants exercised sufficient authority over the terms and conditions of the employment of Plaintiff and the other class members such that they can properly be deemed joint employers of Plaintiff and the other class members.
- Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.
- Defendants continue to employ hourly-paid or non-exempt employees within the State of California.
- Plaintiff and the other class members worked more than eight hours in a day, and/or 40 hours in a week during their employment with Defendants.
- Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, *inter alia*, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

*Id.* ¶¶ 19-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

The Complaint also alleges that, "[a]t all material times," Defendants failed to:

- Pay overtime wages to Plaintiff and the other class members for all hours worked.
- Provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.
- Pay Plaintiff and the other class members at least minimum wages for all hours worked.
- Pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.
- Pay Plaintiff and the other class members all wages within any time permissible under California law.
- Provide complete or accurate wage statements to Plaintiff and the other class members.
- Keep complete or accurate payroll records for Plaintiff and the other class members.
- Reimburse Plaintiff and the other class members for necessary business-related expenses and costs.
- Properly compensate Plaintiff and the other class members pursuant to California law.

*Id.* ¶¶ 37-45.

### III.     Motion to Remand

#### A.     Legal Standards

CAFA provides federal jurisdiction over certain class actions. They are defined in § 1332(d)(1) as follows: (i) the class has more than 100 members; (ii) the parties are minimally diverse; and (iii) the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.* at 554. Initially, a defendant need only file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

If a plaintiff contests the defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 550. The preponderance of the evidence standard means the "defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996) (internal quotation marks omitted). The amount in controversy is simply an "estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

"In determining the amount in controversy, courts first look to the complaint. Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted). When damages are unstated in a complaint, the defendant "bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.* This rule is not altered "even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million. The parties may submit evidence outside the complaint, including affidavits or declarations, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (internal quotation marks and citations omitted).

Under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotation marks omitted). Where a defendant "must prove the amount in controversy by a preponderance of the evidence, a declaration or affidavit may satisfy the burden." *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *6 (C.D. Cal. May 9, 2011) (citing *Lewis*, 627 F.3d at 397 ("To satisfy its burden in this case, the removing defendant . . . supplied an affidavit to show that the potential damages could exceed the jurisdictional amount. We conclude that this showing satisfies Verizon's burden.")).

Finally, "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

    **B.**    **Application**

The sole issue presented is whether the amount in controversy exceeds $5 million. The parties agree that the remaining jurisdictional requirements are not disputed.

The Complaint does not allege the total amount in controversy. Rather, it alleges only that the amount in controversy as to Silva is less than $75,000. Dkt. 1-1 ¶ 1. Accordingly, Defendant bears the burden of establishing, by a preponderance of the evidence, that the aggregate amount in controversy exceeds $5 million. *Ibarra*, 775 F.3d at 1197.

The Complaint does not specify the number of alleged Labor Code violations that occurred during the relevant time period. Instead, it alleges that Defendant failed to comply with California law "[a]t all material times" with respect to each cause of action. Accordingly, Plaintiff's allegations suggest a 100% violation rate. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate."). However, it is not necessary to determine whether the application of this rate is reasonable. A consideration of the evidence presented with respect to the first four causes of action shows that, independent of the demand for reasonable attorney's fees, at least $6.3 million is in controversy, even assuming substantially lower violation rates.

In support of its position that the amount in controversy exceeds $5 million, Defendant has submitted the declaration of Veronica Robertazzi ("Robertazzi"). She is the Senior Director of Human Resources for Defendant. Dkt. 19-5. Robertazzi declares that she instructed Lisa Murphy ("Murphy"), Defendant's Software Product Manager, to run queries on Defendant's electronic human resources and payroll systems. *Id.* ¶ 4. The queries generated the following information:

- Total number of non-exempt employees who worked in California at any time from April 28, 2011

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | | Date | October 8, 2015 |
|---|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | | |

- through June 3, 2015: 1437
- Total number of non-exempt employees who worked in California at any time from April 28, 2014 through June 3, 2015: 983
- Total number of non-exempt employees who worked in California who were terminated at any time from April 28, 2012 through June 3, 2015: 554
- Total number of bi-weekly pay periods worked by nonexempt employees in California from April 28, 2011 through June 3, 2015: 65, 557
- Total number of workweeks worked by nonexempt employees in California from April 28, 2011 through June 3, 2015: 131,114
- Total number of workweeks worked by nonexempt employees in California from April 28, 2014 through June 3, 2015: 41,230
- Average hourly rate for non-exempt employees who worked in California: $18.09

*Id.* ¶¶ 3-10.[1]

Defendant used these figures to calculate what it claims to be the amount in controversy. First, Defendant argues that, with respect to the allegations of meal and rest period violations, approximately $4.6 million has been placed in controversy. Dkt. 19 at 17. The second and third causes of action for meal and rest period violations allege that there was one missed meal period and one missed rest period for each work day for each putative class member. The Complaint alleges that these violations occurred "[a]t all material times." Dkt. 1-1 ¶ 38. In light of these allegations, it may be reasonable for Defendant to employ a 100% violation rate. *See Oda v. Gucci America, Inc.*, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015) ("Where . . . a plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions."). Notwithstanding the potential for the application of a 100% violation rate, Defendant used a 20% rate. Applying that rate, which assumes one violation per putative class member for each five-day workweek, the amount in controversy for any alleged meal period violations can reasonably be estimated to be $2,371,852. This figure is calculated as follows: one hour pay per violation x one violation per week x $18.09 per hour (average hourly rate for non-exempt employees who worked in California) x 131,114 workweeks (total number of workweeks worked by nonexempt employees in California from April 28, 2011 through June 3, 2015). *See* Dkt. 19 at 19. The same calculation applies to the claims for alleged rest period violations.

---

[1] Plaintiff's evidentiary objections to the Robertazzi Declaration (Dkt. 27 at 4-5) are overruled. First, Robertazzi has personal knowledge of the employment data provided in the declaration. Personal knowledge may be inferred from declarations that concern areas within the declarant's job responsibilities. *See Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (inferring personal knowledge of corporate activities from the declarants' positions as corporate chairmen). Moreover, Robertazzi states that she has personal knowledge of the "business practices, policies, and procedures" of AvalonBay. Dkt. 19-5 ¶1. In her capacity as Senior Director, she has "access to, [is] authorized to review, and [is] familiar with, the personnel files, employment history, time records, and payroll history of the putative class members in this case." *Id.* ¶ 2. Further, she is "readily familiar with and review[s] such records in the ordinary course of [her] job duties." *Id.* It is also appropriate to infer that Murphy has personal knowledge of the relevant electronic databases, given her title of Software Product Manager. *Id.* ¶ 4. For these reasons, for purposes of estimating the amount in controversy, the figures generated by Robertazzi and Murphy are admitted as evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

Thus, it is reasonable to interpret the allegations in the Complaint to assert that each putative class member missed one rest period per workweek, with the resulting claim calculated as one hour of pay per violation, $18.09 per hour and 131,114 workweeks. This again results in a claim of approximately $2,371,852. Therefore, Defendant has shown by a preponderance of the evidence that it is reasonable to conclude that the second and third causes of action place at least $4.6 million in controversy.

Defendant next claims that the Complaint places an additional $1.7 million in controversy in connection with the alleged unpaid overtime claims. Dkt. 19 at 19. Plaintiff's first cause of action for overtime violations alleges that "[a]t all material times" Plaintiff and each putative class member were required to work more than eight hours per day and/or 40 hours per week without receiving any overtime compensation. Dkt. 1-1 ¶ 37. Defendant estimates a violation rate of one hour of unpaid overtime for each pay period, which is reasonable. Assuming this violation rate, the amount in controversy can reasonably be estimated at $1.7 million through the following calculation: one unpaid overtime hour per pay period x 65,557 pay periods (total number of bi-weekly pay periods worked by nonexempt employees in California from April 28, 2011 through June 3, 2015) x $27.135 per overtime hour ($18.09 average hourly rate x 1.5 overtime compensation). Thus, it is reasonable to estimate that $1.7 million is the amount in controversy as to the first cause of action.

Defendant claims that the Complaint has placed another $3 million in controversy through the allegations as to minimum wage violations and corresponding civil penalties. Dkt. 19 at 20. Plaintiff's fourth cause of action for minimum wage violations alleges that "[a]t all material times" Defendant failed to pay Plaintiff and the other class members at least minimum wage for all hours worked. Dkt. 1-1 ¶ 39. Defendants calculated the weighted minimum wage during the time period ($8.225 per hour)[2] and multiplied that amount by the amount of pay periods (65,557). This totals $539,206 in alleged unpaid minimum wages. Defendant then added penalties calculated under California Labor Code § 1194.2 ($539,206)[3] and California Labor Code § 1197.1 ($2,256,800).[4] These three amounts total approximately $3 million. As noted above, this estimated violation rate is reasonable. However, including the first $539,206 figure (unpaid minimum wages) would result in double counting, because $1.7 million in alleged unpaid overtime violations has already been included. Moreover, Defendant contends that any requests for penalties under Section 1194.2 are time barred and that Plaintiff's requests for penalties under Section

---

[2] This figure represents the weighted minimum wage from April 28, 2011 through June 3, 2015. The minimum wage was $8.00 per hour from April 28, 2011 through June 30, 2014, and $9.00 per hour from July 1, 2014 through June 3, 2015. Dkt. 19 at 21 n.4.
[3] California Labor Code § 1194.2 provides that, in any action to recover minimum wages, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.
[4] California Labor Code § 1197.1 provides for civil penalties of $100 for each underpaid employee for each pay period for which the employee is underpaid (for the initial violation), and $250 for each subsequent violation. Defendant calculated this figure based upon a one year statute of limitations for such penalties. Civ. Proc. § 340(a); Dkt. 19 at 22 n.5. Defendant explained this calculation as follows: "A total of 22,548 paychecks were issued from April 28, 2014 through June 3, 2015 (Robertazzi Decl. ¶ 11), and this calculation applies a $100 penalty for an initial violation (*i.e.*, pre-notice) and a $250 penalty for subsequent (*i.e.*, post-notice) violations. Lab. Code § 1197.1(a)(1)-(2). Even assuming the lesser penalty is applied, the calculation is thus: $100 penalty per 'short' paycheck x 22,548 'short' paychecks = $2,256,800 in penalties." Dkt. 19 at 22 n.6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | | Date | October 8, 2015 |
|---|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | | |

1197.1 are precluded because the statute does not provide for a private right of action. Thus, estimates regarding the amount in controversy for Plaintiff's fourth cause of action will not be included for purposes of determining the amount in controversy.

Defendant contends that Plaintiff's remaining claims increase the amount in controversy to approximately $20 million. Dkt. 19 at 22-28. However, these additional calculations need not be considered given that Plaintiff's first, second and third causes of action collectively place $6.3 million in controversy. Defendant also contends that, because Plaintiff seeks an award of attorney's fees, it is reasonable to assume that this would result in a claim of approximately 25% of the total amount of damages. Applying this formula to the $6.3 million amount would result in an increase to approximately $7.88 million. Plaintiff argues that Defendant's assumptions are speculative and unsupported, but he offers no alternatives or competing evidence. A removing defendant is not required to prove the merits of Plaintiff's claims; instead reasonable assumptions are permitted. *See Unutoa v. Interstate Hotels and Resorts, Inc.*, 2015 WL 898512, at *3 ("Notably, Plaintiff fails to assert any different rate of violation or to submit any evidence indicating a contrary rate of violation. Plaintiff does not even submit his own declaration stating that he experienced less frequent rates of violation than those asserted by Defendants.").

\*     \*     \*

For the reasons stated above, the first, second, and third causes of action place at least $5 million at issue. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IV.**   **Motion to Dismiss**

   **A.**   **Legal Standards**

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for failure to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

    **B.**    **Application**

        1.    <u>First and Fourth Causes of Action: Unpaid Overtime and Unpaid Minimum Wages</u>

California law requires that an employer pay overtime wages to nonexempt employees at a rate of one and one half times their regular rate of pay for work in excess of eight hours in a day or 40 hours in a week. Cal. Lab. Code § 510. California law also requires that employees pay at least minimum wage to employees. Cal. Lab. Code §§ 1194, 1197.

The Complaint alleges that "[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week." Dkt 1-1 ¶ 52. It also alleges that "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members, including failing to properly calculating [sic] the overtime rate." *Id.* ¶ 53. These are the only allegations made in support of this claim.

With respect to alleged unpaid minimum wages, the Complaint alleges that "[d]uring the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members." *Id.* ¶ 78. There are no other allegations made in support of this claim.[5]

---

[5] Defendant argues that, to the extent Plaintiff seeks to recover penalties under Plaintiff's fourth cause of action for minimum wage violations, such requests must be stricken. First, Defendant argues that any requests for liquidated damages under Section 1194.2 for a violation of Section 1197 are time barred. *Denton v. G4S Secure Solutions (USA), Inc.*, 2015 WL 2185293, at *4 (E.D. Cal. May 8, 2015) ("Claims for liquidated damages under § 1194.2 seek in effect a penalty and are therefore subject to the one-year statute of limitations." (internal quotation marks and citations omitted)). It is undisputed that Plaintiff has not been employed by Defendant since approximately April 2013. But, Plaintiff did not address the resulting issue in his opposition to Defendant's Motion. Accordingly, any requests for liquidated damages under Section 1194.2 are stricken, with leave to amend, if Plaintiff can make a good faith assertion as to why the claim is not time barred. Second, Defendant argues that, to the extent Plaintiff seeks penalties under Section 1197.1, such requests are also unavailable, because the statute does not provide for a private right of action. *See* Cal. Lab. Code § 1197.1(b) (granting all rights under the section to the Labor Commissioner). Plaintiff implicitly concedes that there is no private right of action under Section 1197.1 when he argues that he should be able to proceed with this cause of action so that it can serve as a predicate violation of Plaintiff's tenth cause of action under Cal. Bus. & Prof. Code §17200 ("UCL"). However, "where a private right of action under a given statute is 'absolutely barred, a litigant may not rely on the proscriptions of [that law] as the basis for a UCL claim.'" *Netwon v. Am. Debt Servs., Inc.*, 75 F. Supp. 3d 1048, 1058 (N.D. Cal. 2014) (quoting *Zhang v. Superior Court*, 57 Cal. 4th 365, 384 (2013)). Under the Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, private citizens may pursue certain claims on behalf of the State of California Labor and Workforce Development Agency, provided that the formal notice and waiting procedures are first satisfied. However, the Complaint does not seek remedies under PAGA. In an amended complaint, any claim pursuant to PAGA must be based on good faith allegations as to the propriety and timeliness of the claims. *See* Fed. R. Civ. P. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), held that "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644-45. There, the plaintiff alleged that he "worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime and/or minimum wage payments." *Id.* at 646. However, these "generalized allegations" were deemed insufficient to state a plausible claim:

Notably absent from the allegations in Landers's complaint, however, was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages. Although plaintiffs in these types of cases cannot be expected to allege with mathematical precision, the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages.

*Id.* (internal quotation marks omitted).

The Complaint here is similar; it does not meet the pleading standards established by *Landers.* The Complaint does not identify any particular workweek for which Plaintiff was allegedly denied overtime wages. The same applies to the allegations as to a denial of the payment of a minimum wage. Therefore, Defendant's Motion to Dismiss as to Plaintiff's first and fourth causes of action is **GRANTED**, with leave to amend.

        2.        <u>Second and Third Causes of Action: Unpaid Meal and Rest Periods</u>

California law provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." Cal. Lab. Code § 512(a); *see also* Cal. Lab. Code § 226.7(c) (an employer who "fails to provide" an employee a due meal period must pay an additional hour of pay). An employer need not "police" meal breaks and "ensure" that employees actually take them. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012). As with meal periods, California law requires only that employers "authorize and permit all employees to take rest breaks . . . at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." Industrial Welfare Comm'n, Wage Order § 12(A).

The Complaint alleges that, during the relevant time period,

Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

not less than thirty (30) minutes and/or rest period.

Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

Dkt 1-1 ¶¶ 61-63. There are no other allegations made in support of this claim.

Regarding rest periods, the Complaint alleges that, during the relevant time period, "Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked," and that "Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest period." *Id.* ¶¶ 71-72. There are no other allegations made in support of this claim.

Because the Complaint lacks sufficient detail, it fails to state an adequate factual basis for the claims. "While the requirements for a claim under Section 512 are straightforward -- the employer failed to provide the requisite meal period -- a plaintiff cannot state such a claim without any factual allegations supporting the claim." *Finder v. Leprino Foods Co.*, 2015 WL 1137151, at *3 (E.D. Cal. Mar. 12, 2015) (internal quotation marks omitted); *see also Carrasco v. C.H. Robinson Worldwide, Inc.*, 2013 WL 6198944, at *9 (E.D. Cal. Nov. 27, 2013) ("Plaintiff's allegations are vague and insufficient because it is unclear whether Defendants' failure to 'provide' Plaintiff with meal and rest breaks was due to Defendants' failure to relieve Plaintiff of all duty for the designated period, or if it was due to Plaintiff not taking meal and rest breaks that were otherwise available to her. . . . Plaintiff has not identified any "pressuring" by [Defendant] that coerced Plaintiff to perform her duties in ways that omit breaks. Liability for failure to provide meal breaks and rest breaks is premised on the employer's actions, and not necessarily the employee's actions. Plaintiff's complaint does not identify any actions by Defendants that would give rise to liability.").

For these reasons, the Motion to Dismiss as to the second and third causes of action is **GRANTED**, with leave to amend.

       3.      <u>Fifth Cause of Action: Final Wages Not Timely Paid</u>

California law controls the manner of the payment of final wages upon the discharge or resignation of an employee. Cal. Lab. Code §§ 201, 202. If an employer "willfully fails to pay" in accordance with Sections 201 or 202, it is subject to statutory penalties; they are called "waiting time" penalties. *Id.* § 203(a).

The Complaint alleges that "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ." Dkt 1-1 ¶ 84. There are no other allegations made in support of this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | | Date | October 8, 2015 |
|---|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | | |

This claim fails for the same reasons discussed above as to the other causes of action. Plaintiff's sole allegation repeats the language of the statute, without any supporting facts. *See Miranda v. Coach, Inc.*, 2015 WL 636373, at *2 (N.D. Cal. Feb. 13, 2015) ("The problem with these allegations is that they merely parrot the statute without stating facts sufficient to make out a plausible claim.").

For these reasons, the Motion to Dismiss as to the fifth cause of action is **GRANTED**, with leave to amend.

    4.  <u>Sixth Cause of Action: Wages Not Timely Paid During Employment</u>

California law requires that "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 204. However, there is no private right of action under this statute. *See Young v. ABM Sec. Servs.*, 905 F.2d 1541, at *5 (9th Cir. 1990) ("[Plaintiff] cannot sue for [Defendant's] alleged violation of Cal. Labor Code § 204. Section 204 requires employers to pay wages twice monthly on designated pay days. Cal. Labor Code § 210 authorizes the Labor Commissioner to fine employers who violate § 204 and deposit the money in the state treasury. The statute does not grant employees a private right of action against employers who violate section 204.").

Because Section 204 does not provide a right of action, Defendant's Motion to Dismiss regarding Plaintiff's sixth cause of action is **GRANTED**, with leave to amend.[6]

    5.  <u>Seventh Cause of Action: Non-Complaint Wage Statements</u>

California law requires that employers furnish employees accurate, itemized wage statements. Cal. Lab. Code § 226(a). An employee "suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. § 226(e)(1). To recover damages under this provision, an employee "must suffer injury as a result of a knowing and intentional failure by an employer to comply with the statute." *Price v. Starbucks, Inc.*, 192 Cal. App. 4th 1136, 1142 (Cal. Ct. App. 2011). The injury requirement "cannot be satisfied simply because one of the nine itemized requirements . . . is missing from a wage statement." *Id.* The deprivation of information is not itself sufficient to establish a cognizable injury. *Id.* at 143.

The Complaint alleges that "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not

---

[6] As noted above, under PAGA, private citizens may pursue certain claims on behalf of the State of California Labor and Workforce Development Agency, provided the formal notice and waiting procedures of the law are followed. Cal. Lab. Code § 2698 *et seq.* The Complaint does not seek remedies under PAGA. In an amended complaint, any claim pursuant to PAGA must be based on good faith allegations as to the propriety and timeliness of the claims. *See* Fed. R. Civ. P. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

limited to: the failure to include the total number of hours worked by Plaintiff and the other class members." Dkt 1-1 ¶ 96. These allegations mention the failure to include the total number of hours worked. However, as in *Price*, there is not a sufficient allegation of a cognizable injury. The failure to provide information regarding the hours Plaintiff worked is not sufficient to state a claim. Although the Complaint includes a general averment that Plaintiff "suffered injury," Dkt. 1-1 ¶ 97, it fails to provide any specificity as to this claim.

For these reasons, the Motion to Dismiss as to the seventh cause of action is **GRANTED**, with leave to amend.[7]

### 6. Eighth Cause of Action: Failure to Maintain Required Payroll Records

California law provides that employers shall "[k]eep . . . payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments." Cal. Lab. Code § 1174(d). There is no private right of action under this statute. California law makes clear that a private right of action exists under a statute if, in "clear, understandable, unmistakable terms," the statute indicates an intent to create such a right. *Vicko Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62-63 (Cal. Ct. App. 1999) ("Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature *intended* to create such a right to sue for damages."). Plaintiff has cited no case that recognized a private right of action under Section 1174(d) independent of a claim arising under PAGA.

Plaintiff largely concedes that there is no private right of action under Section 1174(d), and argues instead that he can proceed with this claim as a predicate UCL violation. However, "where a private right of action under a given statute is 'absolutely barred, a litigant may not rely on the proscriptions of [that law] as the basis for a UCL claim.'" *Netwon v. Am. Debt Servs., Inc.*, 75 F. Supp. 3d 1048, 1058 (N.D. Cal. 2014) (quoting *Zhang v. Superior Court*, 57 Cal. 4th 365, 384 (2013)).

Because Section 1174(d) does not provide a right of action, the Motion to Dismiss regarding Plaintiff's eighth cause of action is **GRANTED**, with leave to amend.[8]

---

[7] Defendant argues that, to the extent Plaintiff seeks statutory penalties under Section 226(e), his claims are time-barred. *Reinhardt v. Gemini Motor Transport*, 869 F.Supp.2d 1158, 1169-70 (E.D. Cal. 2012) ("[I]f a plaintiff attempts to obtain the statutory penalties provided by Labor Code § 226(e), then the one year statute of limitations of California Code of Civil Procedure § 340(a) applies."). Plaintiff appears to concede this point; he argues that he only seeks "actual damages and injunctive relief," as well as "consequential and incidental losses and damages." Dkt. 22 at 25. Any different position advanced in an amended complaint must be presented in good faith. *See* Fed. R. Civ. P. 11.

[8] As noted above, under PAGA, private citizens may pursue certain claims on behalf of the State of California Labor and Workforce Development Agency, provided the formal notice and waiting procedures of the law are followed. Cal. Lab. Code § 2698 *et seq.* The Complaint does not seek remedies under PAGA. In an amended complaint, any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

7.  Ninth Cause of Action: Unreimbursed Business Expenses

California law requires that employers reimburse employees for all reasonable and necessary expenditures incurred in discharging their job duties. Cal. Lab. Code §§ 2800, 2802.
The Complaint alleges that "Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants," and that "Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs." Dkt 1-1 ¶¶ 108-09. There are no other allegations presented in support of this claim.

Plaintiff has not alleged any single specific cost that he or any putative class member incurred that was not fully reimbursed. Instead, the Complaint merely repeats the language of the statute, without presenting any supporting factual allegations. *See Kemp v. Int'l Bus. Mach. Corp.*, 2010 WL 4698490, at *6 (N.D. Cal. Nov. 8, 2010) (dismissing claims for failing to allege "any costs that he incurred that were not fully reimbursed").

For these reasons, the Motion to Dismiss regarding Plaintiff's ninth cause of action is **GRANTED**, with leave to amend.

8.  Tenth Cause of Action Pursuant to the UCL

California law protects consumers and competitors by "promoting fair competition in commercial markets for goods and services." *Duste v. Chevron Products Co.*, 738 F. Supp. 2d 1027, 1047 (N.D. Cal. 2010) (discussing Cal. Bus. & Prof. Code § 17200). This statute prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. It "defines unfair competition very broadly, to include anything that can properly be called a business practice and that at the same time is forbidden by law." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (internal quotation marks omitted). "Each prong of the UCL is a separate and distinct theory of liability," with the "unlawful," "unfair," and "fraudulent" prongs each offering "an independent basis for relief." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Under the "unlawful" prong of the UCL, "section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008) (internal quotation marks omitted).

Because the Complaint fails to state any actionable claims under California law, it also fails to state one under the "unlawful" prong of the UCL. Moreover, the Complaint fails to make any non-conclusory factual allegations regarding unfair or fraudulent business practices. For these reasons, the Motion to Dismiss the tenth cause of action is **GRANTED**, with leave to amend.

---

claim pursuant to PAGA must be based on good faith allegations as to the propriety and timeliness of the claims. *See* Fed. R. Civ. P. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

      9.      <u>Rule 11 Sanctions</u>

Fed. R. Civ. P. 11(b) provides that an attorney who signs and files a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the matter "is not being presented for any improper purpose" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b)(1), 11(b)(2). Rule 11 permits sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir.1997).

The Complaint is largely identical to at least ten other ones that Plaintiff's counsel has filed against employers in a wide range of industries. *See* Dkt. 10 (Request for Judicial Notice in Support of Defendant's Motion to Dismiss). Based on this record, Defendant seeks sanctions under Rule 11. It argues that:

[t]he complaints contain nothing but conclusory allegations of wage-hour violations, devoid of any factual support. While filing cookie-cutter complaints may simplify Plaintiff's counsel's practice, it strongly suggests that he has not conducted the requisite pre-filing investigation into Plaintiff's claims here. Indeed, the suggestion that Plaintiff's experience with Defendant, a residential-living provider, were identical to those of persons employed in retail clothing sales, chocolate manufacturing, and paper packaging is ludicrous.

Dkt. 9 at 35-37. The request for Rule 11 sanctions is **DENIED**. There is not a sufficient showing that the standards established by the Rule have been violated. However, Plaintiff's counsel shall be mindful of these standards in connection with the preparation and filing of any amended complaint in this action given the discussion in this Order as to the potential bases on which certain claims might be amended.

      10.      <u>Standing to Seek Injunctive Relief</u>

Defendant argues that Plaintiff, as a former employee, lacks standing to seek injunctive relief against his former employer. Dkt. 9 at 34.

To establish standing under Article III, a plaintiff must show each of the following: (i) the plaintiff suffered an injury in fact; (ii) the injury in fact was concrete and particularized; and (iii) the injury was actual or imminent rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001). Even if a plaintiff has "standing to seek injunctive relief under California law, this Court's power to act is limited by Article III's standing requirements." *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) (citing *Lee v. Am. Nat'l. Ins. Co.*, 260 F.3d 997, 999-1002 (9th Cir. 2007)).

The Ninth Circuit has concluded that a former employee lacks standing to seek injunctive relief against a former employer in certain factual settings. *Walsh v. Nev. Dep't Human Res.*, 471 F.3d 1033, 1037 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04157 JAK (PLAx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Daniel Silva v. AvalonBay Communities, Inc., et al. | | |

Cir. 2006), held that a former employee could not satisfy the injury component of standing because:

[Plaintiff] is no longer an employee of the Department. She admits that her employment ended in 2004. There is no indication in the complaint that [Plaintiff] has any interest in returning to work for the State or the Department. Therefore, she would not stand to benefit from an injunction . . . . Some case law in this circuit indicates that a non-employee may have standing to sue for injunctive relief against an employer, but those non-employees were in the process of seeking reinstatement to their former positions, or seeking work from that employer.

Plaintiff cites no authority that would support a different outcome in this action. Plaintiff argues that the Article III standing analysis should not be based solely on his own status as a former employee, but on the status of all members of the putative class, which includes current employees. However, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief. Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question whether the named plaintiffs are entitled to the injunctive relief they seek." *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999); s*ee also Lewis v.* Casey, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (internal quotation marks omitted)).

Plaintiff contends that a former employee may better represent current employees in a class action because, unlike such employees, the former employee need not fear retaliation by the employer for bringing the action. This principle does not apply as to standing, but as to a determination whether a plaintiff is an adequate class representative. "Since they are not mere pleading requirements, but rather an indispensable part of the plaintiff's case, each element [of standing] must be supported . . . ." *Lujan*, 504 U.S. at 555.

Accordingly, the request for injunctive relief is **STRICKEN**, without prejudice to a later motion to amend to include the relief based on changed circumstances.

**V.     Conclusion**

For the reasons stated in this Order, the Motion to Remand is **DENIED**. The Motion to Dismiss is **GRANTED.** Any amended complaint shall be filed no later than October 22.

**IT IS SO ORDERED**.

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |